Statement of the Case.
MONROE, C. J.
Relator has appealed from a judgment rejecting his application for a writ of mandamus, directing the register of the State Land Office to locate certain land warrants, or issue other warrants “in lieu” thereof, and locate the same on land constituting the bed of Dolet Lake, in the parish of De Soto.
Paragraph 8 of the petition reads:
“Your relator shows that he is the true and lawful owner of the following described swamp land warrants, or certificates, issued, under authority of Act 247 of 1855, by the State of Louisiana, to John Laidlaw, and located, by the said Laidlaw, on July 2, 1860, on lands, the title to which was never vested in the state of Louisiana, to wit:
“Warrant No. S922 N. S. H. for 128.50 acres.
“Warrant No. 8924 N. S. H. for 142.16 acres.
Warrant No. 8930 N. S. H. for 271.23 acres.
“Warrant No. 8934 N. S. H. for 237.50 acres.
“Making a total of 779.39 acres.”
Paragraph 8 of the answer reads:
“Defendant denies that relator is the true and lawful owner of the warrants described in paragraph 8 of relator’s petition, issued, under authority of Act No. 247 of 1855, by the state of Louisiana, to John Laidlaw, but admits that said warrants were located by the said Laid-law as averred in said paragraph 8.”
Opinion.
[1] We find in the record what purports to be a copy of an act of procuration, executed by Mrs. Alexina Bryan Laycock, authorized by her husband, L. L. Laycock, before a notary public in Victoria county, Tex., which names Alexander D. Bryan as attorney in fact of Mrs. Laycock, for, and in her name and stead, to grant, bargain, and sell unto Alvin E. Albritton, or any other person, the “following described property, to wit, a certain lot of state land warrants, issued by the *22 state of Louisiana to John Laidlaw and to the widow and heirs of John Laidlaw.”
The instrument contains the recital that Mrs. Laycock, Eliza L. Laidlaw, and Alexander D. Bryan “are the sole and only heirs of the late John Laidlaw and his widow”; but, there is no further description of the warrants which Alexander D. Bryan is thus authorized to sell, nor is there any stronger ■evidence in the record than the ex parte and unsworn statement, thus made, that the persons so named are the heirs, and the only heirs, of John. Laidlaw and his wife, nor .any statement whatever, sworn or unsworn, that John Laidlaw and his wife owned any land warrants, when they, he, or she, died, or that their heirs ever came into possession of such warrants; and no such warrants were offered in evidence, or are to be found in the record, nor is their absence in any manner accounted for. There is another instrument copied in the record, purporting to have been executed by Alexander D. Bryan, for himself and Mrs. Laycock, and by Eliza L. Laidlaw, a feme sole, which also declares that the appearers are the heirs of John Laidlaw and his wife, and, further, that they sell and convey the warrants described in the petition to the relator, but there is, still, no proof of heirship, or of the existence or devolution of the warrants, upon the death of the original owner. We conclude, then, after having spent some time in the investigation of the various issues that have been raised in the case, that .relator must necessarily go out of court by reason of his failure to show that the warrants upon which he sues were owned by the original purchaser at the time of his death, and devolved upon his heirs; that his (relator’s) immediate authors are the heirs of the original purchaser; or that the warrants were ever in their possession, or ever came into his (relator’s) possession.
The judgment appealed from is therefore affirmed at the cost of the relator.