No. 2182.
Second Circuit Appeal.

ROBERT PORTER v. J. L. LANCASTER AND C. L. WALLACE as Receivers of the Texas & Pacific Railway Company.

(March 30, 1925, Opinion and Decree.)
(November 7, 1925, Opinion and Decree on Rehearing.)
(December 1, 1925, Rehearing Refused.)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Estoppel—Par. 26.

Where one sues A and B but dismissed his suit against B, afterwards filing another suit against B, the one suing is not estopped from prosecuting his suit against A, as A has not been deprived of any legal defenses.

2. Louisiana Digest—Master and Servant—Par. 160 (i).

Under the Employers' Liability Act No. 20 of 1914, Sections 18 and 19, plaintiff may be given judgment for the use and benefit of his minor son under the act where a fair interpretation of plaintiff's petition would show that the judgment plaintiff wished.

3. Louisiana Digest—Master and Servant—Par. 156.

A section hand falling from a hand-car while returning from work in the same state is entitled to recover under the State Workmen's Compensation Law and not the federal law.

ON A REHEARING.

4. Louisiana Digest—Master and Servant—Par. 154, 156.

Where an injury occurs to an employee engaged in interstate commerce the Federal Employer's Liability Act is controling and a recovery cannot be had under the common law, or under the State Compensation Act.

5. Louisiana Digest—Courts—Par. 168.

An injured employee, or in case of his death his legal representative, when suing under the Federal Employer's Liability Act may institute the suit in either the State Court or the proper Federal Court; and when the plaintiff has elected to bring his suit in the

State Court of proper jurisdiction the case cannot be removed to any Federal Court.

6. **Louisiana Digest—Master and Servant —Par. 154, 156.**

A railway track is an essential and indispensable portion of the interstate line of railway, and therefore, any work in keeping up or repairing the railroad track is necessarily work which aided the business of interstate commerce and made the recovery of compensation by the injured employee necessarily under the Federal Employer's Liability Act.

7. **Louisiana Digest—Master and Servant —Par. 156.**

The Workmen's Compensation Law, Act 20 of 1914 does not apply to one employed by an interstate railroad who was injured while engaged in the repairing of the track of an interstate railroad, engaged in interstate commerce.

On appeal from the Eleventh Judicial District Court of Louisiana, Parish of Natchitoches, Hon. J. W. Jones, Jr., Judge

This is a suit to recover compensation for injuries to a minor son.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

On rehearing its former opinion is set aside and plaintiff's suit is dismissed with full reservation of all rights to proceed under the Federal Employer's Liability Act.

Scarborough & Carver, of Natchitoches, attorneys for plaintiff and appellee.

Peterman, Dear & Peterman, of Alexandria, attorneys for defendant and appellant.

## STATEMENT OF THE CASE.

REYNOLDS, J. In this case Rober Porter sues the defendant for damages done to his minor son, Joseph Porter who fell from a handcar and was seriously injured while returning from his work as a section hand working on the Texas & Pacific Railway track exclusively in the Parish of Natchitoches, Louisiana.

The evidence shows that the handcar from which Joseph Porter fell was used exclusively in transporting section hands working entirely inside of the Parish of Natchitoches, Louisiana, to and from their work in the Parish of Natchitoches.

The handcar was in charge of and was being operated by section hands who worked exclusively in the Parish of Natchitoches, Louisiana.

It is shown that the Texas & Pacific Railway was operated by a railway company which runs trains from New Orleans, Louisiana, to El Paso, Texas.

## OPINION.

Defendants excepted to plaintiff's suit:

### I.

That he was estopped because of the fact that he had sued defendants and the Western Union Telegraph Company both for the same cause of action and later had dismissed his suit as against the Western Union Telegraph Company and had then filed a second suit against said Telegraph Company and that the same had been transferred, on the application of the Telegraph Company, to the United States Court.

This exception, we think, is not good, for the reason that defendants have not by plaintiff's acts been deprived of any of its legal defences or in any way changed their position to their detriment.

### II.

On the ground that plaintiff has no right to sue for his own benefit for damages done to his minor son.

This is an action under the Workmen's Compensation Law of Louisiana and under this law a liberal interpretation of all

pleadings and technical requirements is provided for, and we think with the District Court that a fair interpretation of plaintiff's petition is that he is suing for the use and benefit of his minor son; and accordingly the judge of the District Court rendered judgment in favor of plaintiff for the use and benefit of his minor son.

The important question presented for decision is : Can Joseph Porter recover from the defendants under the State Workmen's. Compensation Law, or must he look to the Federal Workmen's Compensation Law?

This question depends upon whether at the time of the accident

"the employer and employee were both engaged and employed at the time in an interstate movement or operation".

In Thaxton vs. La. Ry. & Nav. Co., 153 La. 292, 95 South. 773, the Supreme Court stated the law to be:

"The showing that the train itself, on which the employee was working at the time of the accident, was not engaged in interstate or foreign commerce was a sufficient showing that the employer, as far as that employment was concerned, was not engaged in interstate or foreign commerce."

At the time of the accident Joseph Porter was being transported on a handcar used exclusively in the Parish of Natchitoches, Louisiana, operated by section hands whose work is exclusively in the Parish of Natchitoches, Louisiana.

Under the above latest interpretation by the Supreme Court of Louisiana of the Workmen's Compensation Law of Louisiana, we are of the opinion that the plaintiff is entitled to recover in this case under the State Workmen's Compensation Law.

The employment was admitted at a daily wage of $2.00 per day, which gives $12.00 per week. The evidence we think establishes that Joseph Porter permanently lost the use of his leg. The District Judge who saw him in court at the trial and heard the evidence, so held, and plaintiff is accordingly entitled to judgment for $7.20 per week for 175 weeks.

It is therefore ordered, adjudged and decreed that the plaintiff, Robert Porter, have and recover judgment, for the use and benefit of his minor son Joseph Porter, against J. L. Lancaster and Charles L. Wallace as Receivers of the Texas & Pacific Railway Company for the sum of $7.20 per week from October 30, 1922, until paid, with 5% per annum interest on each weekly payment from the date it became due until paid, for a period of not exceeding 175 weeks. As thus amended the judgment of the lower court is affirmed at defendant's cost in both courts.

Carver, Judge, being recused, took no part in the decision.

### OPINION ON REHEARING.

CROW, Judge ad hoc. A rehearing was granted in this case, for the reason that the court was not satisfied that the case comes within the Employer's Liability Act of Louisiana, and was seriously impressed with the contention of appellants that the case properly comes under the Federal Employer's Liability Law.

If it is true that the case comes within the Federal Employer's Liability Law, then this action was improperly brought under the State Employer's Liability Law, and judgment was erroneously rendered under the latter law.

While it is provided in the Federal Employer's Liability Law of date April 22, 1908, as amended by later acts of Congress, that a suit arising out of, and coming under, the Federal Employer's Liability Act may be instituted in either State Court of competent jurisdiction or the proper

Federal tribunal, yet if the case falls within the purview of the Federal Employer's Liability Act, suit must be brought under that act alone, which is exclusive and controlling, and supersedes all state laws and regulations on the particular subject matter.

It has been several times decided by the Supreme Court of the United States that in a case where the injury occurs in interstate commerce, the Federal Employer's Liability Act is controlling, and a recovery cannot be had under the common law, or under the State Compensation Act; in other words, that highest tribunal has held that the Federal statutes on that matter is exclusive in its operations. (Wabash vs. Hayes, 234 U. S. 86; N. Y. C. Ry. Co. vs. Winnfield, 244 U. S. 147; Seaboard Airline vs. Wharton, 233 U. S. 492; M. K. & T. Ry. vs. Wulf, 226 U. S. 570.)

It is true that the Federal Employer's Liability Act provides that the injured party, or in case of his death, his legal representatives, may institute the suit in either the State Court of competent jurisdiction or the proper Federal Court; and it is true that it also provides that when a plaintiff has elected to bring his suit in the State Court of proper jurisdiction, the case cannot be removed therefrom to any Federal Court. The act, however, further indicates that its provisions are controlling and exclusive an all matters coming within its purview, and in all cases contemplated by the act. Hence, the only question we are now called upon to decide, we think, is whether or not the plaintiff's minor son was, at the time received his injuries, engaged in interstate commerce, or in work which aided in the promotion or furtherance of interstate commerce.

The evidence indisputable shows that plaintiff's minor son, when he received his injuries, was a section hand, who was employed by the appellants to work on, and assist in repairing, the railway track of the appellants, which, concededly, extends from New Orleans, Louisiana, to El Paso, Texas, and is constantly and regularly carrying interstate passengers and hauling interstate freight daily over its said line of railway. That being true, it necessarily follows that appellants were engaged in interstate commerce, at least a part of the time, although they may have, at times, been engaged in interstate traffic. But under the jurisdiction of this state and of the Federal Courts including the Supreme Court of the United States, it makes no difference whether the particular railroad complained of was engaged exclusively in interstate commerce; for, in either event, under the well settled ruling of the above court, the case would fall under the Federal Employer's Liability Act.

It is of course true, also, that not only must the appellants' railroad have been engaged in interstate commerce at the time the injuries complained of were sustained, but plaintiff's minor son must, at that time, himself, have been engaged in interstate commerce or in work in aid and furtherance thereof. Since it was the duty of plaintiff's minor son to work on the railroad track of appellants, and aid and assist in the repair of the tracks over which regularly and daily passed trains carrying interstate shipments and passengers in interstate travel, it is obvious that the work of plaintiff's minor son was in aid and furtherance of interstate commerce; and, therefore, the case logically falls within the provisions and purview of the Federal Employer's Liability Act.

In the former opinion of this court, the judgment of the district court awarding compensation to plaintiff under the Louisiana Employer's Liability Act was affirmed mainly upon the proposition that plaintiff's minor son when injured, was working wholly within the Parish of Natchitoches, and his duty under his employment re-

quired him to perform services exclusively in that Parish. Upon a reconsideration of this case, we are of the opinion that the particular location, or situs, of the work which plaintiff's minor son was engaged in, is of little or no value in determining whether or not he was at the time engaged in interstate commerce or in work which aided in the furtherance and promotion of interstate commerce. On the contrary, we are of the opinion that we are concerned mainly, if not only, with the nature of the work in which plaintiff's minor son was employed and engaged at the time he sustained his injury.

In the case of Peterson vs. Delaware, Lackawana & Western Ry. Co., reported in 229 U. S. 146, 33 Supreme Court Reporter 648, a case similar in fact, and practically identical in principle with the case at bar, the Supreme Court of the United States, among other things, said:

"That the defendant was engaged in interstate commerce is conceded; and so we are only concerned with the nature of the work in which the plaintiff was employed at the time of his injury."

In the case above quoted from, the plaintiff was injured while carrying a sack of bolts or rivets to be used in repairing a bridge which was regularly in use in both interstate and intrastate commerce, and the Supreme Court of the United States held that he was employed in interstate commerce within the meaning of the Federal Employer's Liability Act of April 22, 1908, giving a right of recovery against the carrier of the injuries, or death, of an employee while so employed. The court held that bridges were necessary parts of all interstate lines of railroad, and that the keeping of the bridges in repair was work which aided in interstate commerce, as the bridges were an indispensable part of an interstate line railway. A fortiori, the railway track is an essential and indispensable portion of the interstate line of railway of appellants; and, therefore, any work in keeping up or repairing the railroad track was necessarily work which aided in the business of interstate traffic and commerce, which made the employment of plaintiff's minor son that of interstate work, or else it partook so closely of that character of work as to make it essentially a part thereof.

In the case of Southern Ry Co. vs. Puckett, reported in the 244 U. S. 571, 37 Supreme Court Reporter 703, it was held by the Supreme Court of the United States that an employee of an interstate railway carrier assisting in clearing up a wreck which was blocking the movement of trains in interstate commerce, who, while carrying blocks on his shoulder which were to be used in jacking up a wrecked car and replacing it upon the track, stumbled over some large clinkers which were on the roadbed near the track and in stumbling struck his foot on some cross ties overgrown with grass, as a result of which he was seriously injured, was employed in interstate commerce, within the meaning of the Employer's Liability Act of April 22, 1908, as amended.

In the case of Erie Ry. Co. vs. Winnfield, 244 U. S. 170, 37 Supreme Court Reporter 556, the Supreme Court of the United States held that an employee of an interstate railway carrier in charge of a switch engine, who was killed while leaving the yards after his day's work, which had included employment in both interstate and intrastate commerce, was at the time of the accident employed in interstate commerce within the meaning of the Federal Employer's Liability Act.

In another case decided by the Supreme Court of the United States, it was held that a cook, employed by an interstate railway carrier, whose work was simply to cook the meals, wash the dishes, make

up the beds, etc., of the employees of the carrier who were repairing a bridge on the line of the railroad and who were boarding in a box car standing on a switch beside the main line of the interstate railway line, the cook's duties having been confined within the standing car, upon being injured while in that employment, could recover only under the Federal Employer's Liability Act.

A case on all-fours with the case at bar is that of San Pedro, L. A. and S. L. R. Ry. vs. Davide, decided by the United States Circuit of Appeals for the Ninth Circuit, and reported in 210 Federal Reporter, at page 870. In that case, as in the case at bar, the plaintiff sustained accidental injuries while he and other employees were returning to their camp on a number of hand cars, the accident being caused by the negligent slackening of the speed of the car immediately preceding plaintiff's car, which caused a collision between the cars. In that case, the said Circuit Court of Appeals, of the United States, among other things, said:

"A railroad section hand, engaged in ballasting the main track of a railroad which carried freight and passengers between different states, was engaged in interstate commerce within the Federal Employer's Liability Act of April 22, 1908, as amended by Act of April 5, 1910."

In the same case, the same court also said:

"A railroad section hand, who had been engaged in interstate commerce during the day, was still so engaged while riding on a hand car furnished by the railroad company at the conclusion of the day's labor, by direction of his foreman, for the purpose, not only of returning from his place of work to the camp maintained by the company, but also for the purpose of taking the hand car to a point where it was to be removed from the track so as to leave the road open to the passage of trains."

It is, indeed, difficult to imagine a case more nearly identical with the case at bar than the one above last quoted from. The decision in that case is not only persuasive here, but, taken in connection with the many decisions of the Supreme Court of the United States, hereinabove referred to, and others with which we are familiar it is conclusive on the question at issue.

Of course, plaintiff may still have his right of action in the proper court, if brought under the Federal Employer's Liability Act. On that matter we are expressing no opinion; and it is with more or less reluctance that we are constrained to reverse the former opinion of this court and the judgment of the district court.

For the reasons assigned, it is hereby ordered, adjudged and decreed that our former opinion herein rendered be, and the same is hereby annulled, avoided and set aside; and it is now ordered, adjudged and decreed that plaintiff's suit be dismissed and his demands rejected at his costs in both courts, with full reservation of all rights he or his minor son may have to proceed under the Federal Employer's Liability Law.

———

OPINION ON REHEARING.

ODOM, J. Counsel for plaintiff, in his application for rehearing, states that this court evidently overlooked the fact that the time within which a suit must be filed under the Federal Employers' Liability Act is two years from the time of the accident and that that time has already expired; and he suggests that this court did not read the decision which he cited in his supplemental brief, to-wit: Industrial Accident Commission of the State of California, et al. vs. Payne, reported in 259 U. S. 182 (National Reporter System, vol. 42 page 489).

The court in the cited case had under consideration the sole question as to

whether the injured employee was, at the time of the injury, engaged in interstate commerce. The petitioner in that case was employed in repairing an engine which had been used in interstate commerce and was destined to be so employed again. The engine was. sent to the repair shop on December 1, 1918, and was there stripped and dismantled. The accident occurred on February 1, 1919, two months after the engine had been sent to the shop. The court held that the "tracks, bridges, road-bed and equipment of a carrier in actual use in interstate commerce have a definite interstate character as instruments of such commerce and give such character to those employed on them". (Syllabus). But the court held that the engine on which. the injured party was at work had been withdrawn or separated from commerce and having been so separated or withdrawn was not at the time of the injury an instrument used in interstate commerce. Therefore the injured party was not engaged in interstate commerce at the time he was injured. The court said:

"It (the engine) was placed in the shops for general repairs on December 19, 1918. On February 25, 1919, after work upon it, it was given a trial and it was placed in service on March 4, 1919. The accident occurred on February 1st of that year, the engine at the time being nearly stripped and dismantled. It was not interrupted in an interstate haul to be repaired and go on."

It will therefore be seen that the court did not hold that one who was engaged in repairing an engine used in interstate commerce was not engaged in interstate commerce; but it did hold that under the facts of that case the engine was not then being used in interstate commerce, therefore the laborer was not engaged in work of that character.

In the case 'at bar, Porter, the plaintiff's son, was, at the time of his injury, engaged in repairing the track of an interstate railroad engaged, admittedly, in interstate commerce. That track, according to the decision cited by counsel, is "an instrument of such commerce and gives such character to those employed on them". Plaintiff's son was therefore at the time of his injury engaged in interstate commerce and under all the decisions which have been called to our attention and which we have been able to find his suit should have been brought under the Federal Act.

We express no opinion as to whether plaintiff's action is now barred by prescription under the Federal Employers' Liability Act. Counsel for. plaintiff says' it is and suggests that our decision works a hardship on him for that reason. But the court is not responsible for the condition which has brought about the hardship, if, indeed, plaintiff suffers on that account.

Rehearing refused.