No. 2313

Second Circuit Appeal

---

JOE WHEELER DEDMAN v. CADDO STEEL PRODUCTS COMPANY, ET AL.

---

(June 27, 1925, Opinion and Decree.)

---

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Master and Servant —Par. 154, 159 (a).**
Plaintiff suing under Workmen's Compensation Act No. 20 of 1914 is entitled to collect compensation under only one of the provisions of that Act.

2. **Louisiana Digest—Master and Servant Par. 160 (i), 160 (j).**
Under the evidence plaintiff is entitled to compensation under Subsection 1 (e) of Section 8 of the Workmen's Compensation Act, and the fact that he collected compensation under Subsection (a) of Section 8 of that Act during his total temporary disability, does not estop him from now electing to come under Subsection 1 (e) of Section 8 of the Act for his compensation.

3. **Louisiana Digest—Master and Servant Par. 160 (b).**
Under the Workmen's Compensation Act No. 20 of 1914, the only effect of an injured employee having accepted payment for temporary total disability during the time of that disability is to make it incumbent on him to account for the amount so received in the suit he elected to file.

(The recent amendment to Section 8 of Act 20 of 1914 is Act 216 of 1924. Editor's note.)

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. T. F. Bell, Judge.

This is a suit under the Workmen's Compensation Act No. 20 of 1914 for compensation to an injured employee.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Julius T. Long, of Shreveport, attorney for plaintiff, appellee.

Barnette & Roberts, of Shreveport, attorneys for defendants, appellants.

REYNOLDS, J. This is a suit under the Workmen's Compensation Act for $18.00 per week for 300 weeks.

Plaintiff in the course of his employment by defendant, Caddo Steel Products Company, was struck by a piece of steel or iron on the right leg above the ankle joint, causing him a severe injury, in consequence of which he was totally disabled to do work of any reasonable character for twenty-seven weeks, during which period of time Caddo Steel Products Company paid him the full compensation provided by law for injury producing temporary total disability.

The District Judge gave plaintiff judgment for $18.00 per week for 100 weeks under Subsection (e) of Section 8 of the Workmen's Compensation Act. Defendant appealed.

OPINION

Under the evidence in this case we think it conclusively shown that plaintiff received an injury that has seriously perma-

nently impaired his usefulness of one of his members—ankle and foot.

The question presented for our determination is whether plaintiff is entitled to recover under Subsection (e) of Section 8 of the Workmen's Compensation Act after he has already accepted compensation from his employer for total temporary disability during twenty-seven weeks under Subsection (a) of Section 8 of that Act.

Plaintiff's counsel contend that he can, and cite us to the case of Porter vs. Amer, 146 La. 618, 83 South. 852, in which the Supreme Court says:

"It is equally clear that, while that disability did not last for 300 weeks, the statute makes no provision for the cumulative effects of plaintiff's different injuries, but that, when to the injury of her right foot, resulting in its total loss, there is added the injury to her left foot whereby its usefulness is seriously, permanently impaired, particularly in view of the fact that she has now only the left foot to stand on and bear the greater weight on, loss of the great toe from that foot is much more serious than if it were the only injury that she sustained.

"We therefore conclude that the judgment appealed from should be amended by increasing the award therein made to $4.44 per week (being 55 per centum of plaintiff's weekly wage of $8.07 9-13 per week) for 225 weeks under Clause (d), and 100 weeks for loss of great toe on left foot, under Clause (e) of Section 8 of Act 38 of 1918."

The decision in that case is not applicable to the case at bar, we think, for the reason that in the cited case the court was dealing with an injury that had caused damage to two separate members.

In the present case the injury complained of is only to one member, that is, to the foot and ankle of one limb.

Defendant refers us to the case of Craft vs. Gulf Lumber Co., 151 La. 281, 91 South. 736, in which the court says:

"The plaintiff has answered the appeal, praying for an additional allowance of 100 weeks for the permanent and serious impairment of an important physical function, but additional compensation is not allowable under other provisions of the statute. Section 8 (e), Act 38 of 1918."

Under this decision we think the plaintiff, under the evidence herein, is entitled to collect compensation under only one of the provisions of the compensation act.

Under the evidence plaintiff is entitled to compensation under Subsection (e) of Section 8 of the Workmen's Compensation Act, and the fact that he collected compensation under Subsection (a) of Section 8 of that Act during his total temporary disability does not, in our opinion, estop him from now electing to come under Subsection (e) of Section 8 of the Act for his recovery.

The only effect of his having accepted payment for temporary total disability during the time of that disability is to make it incumbent on him to account for the amount so received in the suit he elected to file.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended so as to read as follows:

It is ordered, adjudged and decreed that the plaintiff, Joe Wheeler Redman, do have and recover judgment against the defendant, Caddo Steel Products Company, and Union Indemnity Company, in solido, for weekly compensation of eighteen dollars per week for one hundred weeks, beginning November 1, 1923, with legal interest on each payment from the time it became due until paid; subject to a credit of four hundred and eighty-six dollars heretofore paid by defendant to plaintiff; said four hundred and eighty-six dollars to satisfy the first twenty-seven weeks' compensation awarded under this judgment.

The fee of the attorneys representing the plaintiff herein are hereby fixed at one-third of the amount recovered by the plaintiff under this judgment.

Defendant to pay all costs of this suit.