No. 3135

Second Circuit

AUGUSTIN v. LOUISIANA RAILWAY & NAVIGATION CO.

(February 3, 1928. Opinion and Decree.)
(March 14, 1928. Rehearing Refused.)
(April 9, 1928. Writ Refused.)

(*Syllabus by the Court*)
ON MOTION TO DISMISS

1. Louisiana Digest—Master and Servant—Par. 160 (i), 160 (l).

Where suit is brought under Employers' Liability Statute (Act No. 20 of 1914) and, in the alternative, to recover damages under the Federal Act, the case clearly coming under the Federal statute, the Court of Appeal has, under the practice, the right to dismiss the alternative demand as of non-suit.

Appeal from the Twelfth Judicial District Court of Louisiana, Parish of Avoyelles. Hon. L. P. Gremillion, Judge.

Action by Adison Augustin against Louisiana Railway & Navigation Company.

There was judgment for defendant and plaintiff appealed.

Judgment amended and affirmed.

Bordelon & Norman, of Marksville, attorneys for plaintiff, appellant.

Peterman, Dear & Peterman, of Alexandria, attorneys for defendant, appellee.

WEBB, J. This action was initiated to recover judgment against the defendant for compensation under the State Employers' Liability Statute (Act No. 20 of 1914) and, in the alternative, to recover damages under the Federal Employers' Liability Statute.

The defendant, following the usual practice in compensation suits, incorporated in its answer an exception of no cause of action and, under reservation of its rights thereunder, denied plaintiff's allegations as made, with relation to both demands.

On trial, judgment was rendered rejecting plaintiff's demands, from which he appealed.

In this court the plaintiff and appellant moved to dismiss the appeal as of non-suit, which was objected to by the defendant and appellee, and before considering the appeal we will first consider the motion to dismiss the appeal as of non-suit.

In that connection we do not find any authority which authorizes this court to dismiss the appeal as of non-suit.

The Code of Practice, Article 491, provides that:

"The plaintiff may, in every stage of the suit previous to judgment being rendered, discontinue the suit on paying the costs."

And we consider the motion made by plaintiff and appellant to dismiss the appeal as of non-suit as analogous to a motion to discontinue, and considering that there was not any motion made in the trial court previous to judgment, it would have been without authority to discontinue the suit after judgment (Trenchard vs. N. O. Ry. & L. Co., 123 La. 36, 48 So. 575), and this court is likewise without authority to discontinue it on motion, and the motion to dismiss is overruled.

Considering the appeal: the evidence concededly establishes that the State Employers' Liability Statute is not applicable (Hamilton vs. La. Ry. & Nav. Co., 162 La. 841, 111 So. 184; Porter vs. Lancaster,

et al., Receivers, 2 La. App. 47); and it does not establish liability under the Federal statute, and the only objection to the judgment suggested by the appellant is that the court was in error in rejecting his alternative demand rather than dismissing it as of non-suit.

While if the appellate court has not the authority to discontinue the suit on motion of plaintiff and appellant, it may be said that it would also be without authority to dismiss it as of non-suit, but without considering the distinction, the practice has been to dismiss the plaintiff's suit as of non-suit, rather than to reject his demands, where it appears that his failure to obtain judgment was due to the insufficiency of the evidence, which defect might be supplied (State, ex rel. Albritton vs. Grace, 139 La. 19, 71 So. 203; La. Ry. & Nav. Co. vs. Lawrance, 2 La. App. 440), and where the failure of the plaintiff to establish his case may have been due to his inability to introduce evidence, due to the insufficiency of his pleadings, we think that the same rule should be applicable, the effect, however, of the dismissal to be the same as if the suit had been dismissed on exception of no cause of action.

However, the record shows that the plaintiff knew of the deficiency of his pleadings prior to the cause being submitted, and we think he could have taken a voluntary non-suit on the alternative demand, and that the defendant should not be cast for the cost of the appeal.

It is therefore ordered that the judgment appealed from be amended so as to dismiss the alternative demands of plaintiff as of non-suit, and as amended the judgment be affirmed; the plaintiff to pay all costs in both courts.