## THORNTON v. HAYNESVILLE LUMBER CO., Inc. *
### No. 4866.

Court of Appeal of Louisiana.
Second Circuit.
June 29, 1934.

Julius T. Long, of Shreveport, for appellant.

Wilkinson, Lewis & Wilkinson and Edward S. Klein, all of Shreveport, for appellee.

DREW, Judge.

Plaintiff institutes this suit under the Workmen's Compensation Law of Louisiana (Act No. 20 of 1914, as amended) to recover compensation from defendant at the rate of $8.38 per week for a period of 400 weeks, less compensation in 'the amount of $55.88 already'paid. Plaintiff alleges that the cause of his disability is the impairment to his vision resulting from an accidental injury received on February 2, 1932, while performing services arising out of and incidental to his employment for the defendant.

Defendant admits in its answer that plaintiff was injured while in its employment, and that he was paid compensation in the amount per week claimed by plaintiff, for a period of six weeks and four days, and sets forth that plaintiff thereafter refused and declined to accept compensation as provided by the statute.

At the commencement of the trial of this case in the lower court, the defendant tendered to plaintiff the sum of $121.02, representing the sum of $8.38 for a period of 20 weeks, less payments in the sum of $55.88 theretofore made, and interest thereon at the rate of 5 per cent. per annum from March 21, 1932, together with all costs submitted by the clerk of court, and the further sum of $16, the cost of taking the deposition of Dr. Ed. C. Simonton, plaintiff's witness. The plaintiff refused this tender, and same was ordered deposited in the registry of the court.

The lower court rendered judgment in favor of plaintiff in the sum of $8.38 per week for a period of 20 weeks, less payment of $55.-88 theretofore paid plaintiff, and in view of the above tender of $121.02 made in open court by' defendant to plaintiff, the court decreed that defendant pay all costs incurred to the date of trial, with plaintiff to pay all other costs. From this judgment, plaintiff has appealed.

The record discloses almost without contradiction that plaintiff was totally disabled for a period of 46 or 47 days, and was paid compensation for that period of time at the rate of 65 per cent. of his weekly wage. At the end of the 47 days, he was left with his right eye impaired to the extent of 20 per cent. His left eye was normal. He went back to work for defendant and continued to work for about 20 months, until the mill was closed down. He earned as much or more after the injury as he did prior thereto, although there is uncontradicted testimony in the record that it was dangerous for him to work around machinery with the impairment to his right eye. The impairment to his eye was a dark or blind spot on the temporal side which prevented

him seeing to the right, unless he turned his head in that direction. The impairment in no way affected his left eye.

Plaintiff contends that the case of Knispel v. Gulf States Utilities Company, 174 La. 401, 141 So. 9, is authority to grant plaintiff herein compensation for 400 weeks, at 65 per cent. of his weekly wage. The facts in that case and the one at bar are so entirely different that it is unnecessary to go into a detailed discussion of them. The facts in the case at bar will not justify such a judgment as prayed for. Certainly a man who entirely loses one eye, the other not being affected, would only be entitled to 65 per cent. of his weekly wage for a period of 100 weeks; and if, as in this case, only one eye is impaired to the extent of 20 per cent. and the other eye is not affected, he is only entitled to 20 per cent. of 65 per cent. of his weekly wage for 100 weeks. Paragraph (d) 9, subsec. 1, § 8 of Workmen's Compensation Act of Louisiana; and paragraph (d) 15, subsec. 1, § 8 of the Workmen's Compensation Act of Louisiana (Act No. 20 of 1914, § 8, as amended by Act No. 242 of 1928, p. 357).

The lower court allowed the full 65 per cent. of plaintiff's weekly wage, and reduced the number of weeks to 20. In this respect the judgment is erroneous. The number of weeks is fixed and the reduction should have been in the weekly pay; and, since 20 per cent. of 65 per cent. of plaintiff's weekly wage is less than $3 per week (the minimum fixed by the act), the amount of the award for the impairment to the eye should have been $3 per week for a period of 100 weeks, beginning on the forty-seventh day after the accident. Plaintiff is also entitled to compensation at the rate of 65 per cent. of his weekly wage for 6 weeks and 4 days, the time he was totally incapacitated from performing work of any character, which amount he has been paid. The judgment of the lower court is also erroneous, in that it cast plaintiff in part of the costs. The amount tendered was not sufficient to cover the amount of the judgment to which plaintiff is entitled. It therefore follows that the judgment of the lower court will have to be amended and redrafted.

It is ordered, adjudged, and decreed that plaintiff, Clinton Thornton, recover judgment against defendant, Haynesville Lumber Company, Inc., in the sum of $8.38 per week for a period of 6 weeks and 4 days, beginning February 2, 1932; and for the further sum of $3 per week for 100 weeks, beginning March 21, 1932, with 5 per cent. per annum interest on the $3 per week payments from the day each was due, less a credit in full on the first amount awarded, which has been paid; defendant to pay all costs of both courts.