### SMITH v. TURNER LUMBER CO. et al.

No. 1706.

Court of Appeal of Louisiana. First Circuit.

June 9, 1937.

Leslie P. Beard, of New Orleans, for appellants.

D. J. Sanchez, of Baton Rouge, for appellee.

LE BLANC, Judge.

This is a suit against an employer and its compensation insurance carrier brought by an employee to recover compensation for the period of 100 weeks at the minimum rate of $3, under the statute, for an injury to his right eye which finally resulted in a 20 per cent. impairment of vision therein, and, as alleged in the petition, "in addition thereto," for 13 weeks compensation as "for total, temporary disability by virtue of said injury" at the rate of 65 per cent. of the weekly wage paid, that is 65 per cent. of

$9.60, or $6.24, making the sum of $81.12, less the sum of $20.65 which had been paid. It had been the contention of the defendants that all plaintiff was entitled to recover as compensation was 65 per cent. of his weekly wage, or $6.24 for 20 weeks, that being 20 per cent. of the period of time allowed under the statute for the loss of an eye. Accordingly, it tendered the plaintiff the sum of $124,80 which was accepted under reservation of the right to present the claim as it is here made. The prayer of plaintiff's petition therefore is for the sum of $300 with interest at 5 per cent. on each week's compensation from the 'date it was due until paid, less the sum of $124.80 already paid, and for the sum of $81.12, less the sum of $20.65.

The case was tried in the lower court on an agreed statement of facts and resulted in a judgment in favor of the plaintiff as prayed for. Both defendants have appealed.

The issues involved call for an interpretation of the compensation statute in two particulars. The first question presented is, Can an injured employee sue for compensation for the specific loss of a member of the body, under subdivision (d) of subsection 1 of section 8 of the statute (Act No. 20 of 1914), as amended by Act No. 242 of 1928, or for the permanent partial loss of the use of function of such member, and "in addition thereto" in the same proceeding, ask for compensation as for total, temporary disability, "by virtue of the same injury" under paragraph (a) of the same subsection? The second question is, Conceding that there is only a permanent partial loss of the use of function of a member and that compensation has to be based on such proportion as the disability bears to the total loss of such member, is that proportion to be fixed according to the wages received by the injured employee or according to the number of weeks for which compensation is allowed for the total loss of the member?

Plaintiff relies on the case of Thornton v. Haynesville Lumber Co. (La.App.) 155 So. 784, 785, which seems to have decided both questions in his favor. · In other words, it was therein held that the plaintiff who had suffered an injury similar to the one sustained by the plaintiff here, and which left him with the same degree of impairment of vision in his eye, was entitled to recover compensation at the rate of 20 per cent. of 65 per cent. of his weekly wage for

the period of 100 weeks, which is the period of allowance under the statute for specific loss of an eye, and, in addition thereto, he was held entitled to compensation at the rate of 65 per cent. of his wages for the period of 6 weeks and 4 days, "the time he was totally incapacitated from performing work of any character."

■ It would appear from a reading of its provisions, that the compensation statute itself precludes recovery for temporary total, permanent total, or partial disability under subdivisions (a), (b), and (c) of subsection 1 of section 8 of the act referred to, in addition to compensation for the loss of a member under subdivision (d) of the same subsection, for under paragraph 18 of that subdivision, it is provided that "where compensation has been paid under subdivisions (a), (b) or (c) of this schedule, the amount of such payment shall be deducted from any compensation allowed under subdivision (d) * * * of the Section." In other words, compensation cannot be paid twice for the same injury and the employer who has paid the injured employee voluntarily for an injury to a member of the body which at first may have seemed to be one producing temporary or total permanent, or partial disability, is entitled to have what he has paid deducted from the amount he may be decreed to pay by judgment in a suit subsequently brought by the employee to recover for the specific loss or for the loss of the use of function of that member. Compensation under subdivisions (a), (b), and (c) is based on one or another form of disability or incapacity to do work of any reasonable character whereas under subdivision (d) it is based on the loss of a member of the body which may not produce such form of disability or incapacity. A claim under the first three mentioned subdivisions presents a different cause of action from one arising under subdivision (d)· and the two cannot be demanded at one time for the same injury.

We think that the decision of the Supreme Court in the case of Rodriguez v. Standard Oil Co., 166 La. 332, 117 So. 269, serves as authority for the interpretation we place on these provisions of the statute. It was there held, in effect, that where an employee who had suffered an injury to his finger, making it useless, and had received compensation for 20 weeks under the provisions of the statute allowing re-

covery for the specific loss of a member, he could not recover "for loss of his wage-earning capacity under subsection (c), allowing compensation for an injury producing partial disability to do work of any reasonable character."

In Craft v. Gulf Lumber Co., 151 La. 281, 91 So. 736, 738, the court declined to entertain an answer to an appeal made by the plaintiff "for an additional allowance of 100 weeks for the permanent and serious impairment of an important physical function" because, as it was stated in the opinion of the court, "additional compensation is not allowable where compensation is allowed under other provisions of the statute." In Dedman v. Caddo Steel Products Co. et al., 2 La.App. 440, the same Court of Appeal which later decided the case of Thornton v. Haynesville Lumber Co., supra, held that under the decision of the Craft Case, just cited, an injured employee "is entitled to collect compensation under only one of the provisions of the compensation act." With this last statement, we fully agree and therefore hold that the plaintiff in this case was not entitled to recover the 13 weeks' compensation at the rate of 65 per cent. of his weekly wage, as for temporary total disability, in addition to the 100 weeks compensation for the loss of the use of function of his right eye.

On the second proposition, that is whether the proportionate compensation for the 20 per cent. impairment of vision in the eye relates to the amount or rate the employee is entitled to receive or to the number of weeks allowed for the total loss of the eye under the statute, we find ourselves in thorough accord with the decision in the Thornton case, supra, which holds on this point, that it refers to the amount and not to the period of time he is entitled to compensation.

The particular provision of the act involved on this issue is paragraph 15 under subdivision (d) of subsection 1 of section 8, which reads as follows: "In all cases involving a permanent partial loss of the use of function of the member mentioned hereinabove, compensation shall bear such proportion to the amounts named herein for the total loss of such member as the disability to such member bears to the total loss of the member, provided that in no case shall compensation for an injury to a member exceed the compensation payable under this act for the loss of such member." That compensation under such circumstances shall bear a certain proportion to the *amounts named in the section for the loss of a member* can only mean, in our opinion, to the amount of rate of compensation that is to be paid for the loss of such member, which, as stated in each case, is 65 per cent. of the employee's wages. (Italics ours.) There is no warrant, in our opinion, for any other interpretation of that clause in the section. If the partial loss is 20 per cent., as in this case, the recovery has to be 20 per cent. of 65 per cent. of the wage. It so happens that in this case that would amount to less than $3, therefore the plaintiff is entitled to recover $3 weekly, as the minimum compensation allowed under the statute.

That this construction of that provision of the statute is the proper one, we think is borne out by a decision of the Supreme Court in the case of Brown v. Vacuum Oil Co., 171 La. 707, 132 So. 117, 121, where the facts involved the loss of 30 per cent. of the use of a leg, and in applying the provisions of the act just quoted in fixing the proportionate basis of recovery, the court, after reciting these provisions, stated: "If the plaintiff has suffered the loss of the use of his leg entirely he would have been entitled to 65 per cent. of his wages for 175 weeks, which would have been $20.47 a week. As he has suffered only a loss of 30 per cent. of the use of the leg, it follows that he is only entitled to 30 per cent. per week of the amount due him if he had lost his leg for a period of 175 weeks, say $6.14 per week." With a change in the name of the injured member and in the figures therein given, that language could be pertinently applied in deciding the issue in the case at bar.

Our conclusion therefore is that the plaintiff is only entitled to recover compensation at the rate of $3 per week for the period of 100 weeks and that the judgment was erroneous in awarding him 13 weeks' additional at 65 per cent. of his weekly wage as additional compensation for total temporary disability. We are of the opinion also that the defendants are not entitled to the deduction of $20.65 which plaintiff earned and was paid to him as wages for the time that he worked during the 13 weeks of his so-called total temporary disability. As appears from paragraph (18) in the act providing therefor, deductions can only be made for compensation which has been

paid by the employer. The agreed statement of facts shows that the amount of $20.65 was paid to the plaintiff for wages earned by him and not for compensation.

Because of the changes to be made in the decree, we think it proper to recast the same and make it conform to the findings as made by us.

It is therefore ordered that the judgment appealed from be and the same is hereby amended and recast, so as to read as follows: It is ordered, adjudged, and decreed that there be judgment herein in favor of the plaintiff, Albert Smith, and against the defendants, Turner Lumber Company and Central Surety & Insurance Corporation, in solido, in the sum of $300, as compensation at the rate of $3 per week for the period of 100 weeks, beginning with the week January 30, 1935, with interest at 5 per cent. on each weekly payment, less the sum of $124.80 heretofore paid by the said defendants. Defendants to pay all costs of these proceedings.