17007

UTICA-MOHAWK MILLS and UTICA MUTUAL INSURANCE COMPANY, Appellants, v. CURTIS ORR, Respondent

(87 S. E. (2d) 587)

*Messrs. Haynsworth, Perry, Bryant, Marion* and *Johnstone,* of Greenville, *for Appellants,*

*Messrs. Charles & Charles,* of Greenwood, *for Respondent,*

May 26, 1955.

STUKES, Justice.

This action (under the Declaratory Judgment Act, Sec. 10-2001 *et seq.,* Code of 1952) is for the construction of, and judgment upon, an unappealed award of workmen's compensation to respondent by the Industrial Commission which was made on Sept. 28, 1953, when respondent was not employed, as follows:

"It is ordered that the defendants shall pay to the claimant, Curtis Orr, compensation equal to sixty (60%) per cent of the difference between the average weekly wage he earned before the injury and the average weekly wage which he is physically able to earn after the injury for thirty (30%) per cent permanent disability to the body as a whole, not to exceed the compensable rate of Twenty-five and no/100 ($25.00) Dollars per week."

Respondent suffered a compensable back injury on April 14, 1951. He underwent an operation, after which he returned to work on December 3, 1951, having meanwhile received weekly compensation for temporary total disability. Upon return to work he was paid slightly higher wages than before his injury until June 7, 1952, when he was put on lighter work and his wages were decreased. He continued at this new job until February 5, 1953, since which he has not worked and has therefore earned no wages.

During the period June 7, 1952-Feb. 5, 1953, respondent was paid weekly compensation at the rate of 60% of the difference (decrease) in his weekly wages. However, after respondent quit work on Feb. 5, 1953, appellants paid him $25.00 per week until Feb. 19, 1954 as for total disability, to which he was not entitled under the award. (The case arose before the amendment of 1953, 48 Stat. 103, which increased the maximum weekly compensation from $25.00 to $35.00).

The trial court reached the following conclusion which is quoted from the judgment under appeal, with our insertions in parentheses:

"The Commission has found as a fact that Defendant (claimant) has sustained a thirty (30%) per cent disability to the body as a whole. We must therefore arrive at the diminution of wages in dollars and cents as produced by the accident.

"The record reveals that at the time of the injury, the Defendant (claimant) was earning Fifty-six and 05/100 ($56.05) Dollars per week; a loss of thirty (30%) per cent earning power (disability) would reduce these wages by $16.815 per week, but the Act (Code Sec. 72-152) allows recovery of only sixty (60%) per cent of this loss or $10.089 per. week which fixes Defendant's (claimant's) compensable rate.

"The accident having occurred on April 14, 1951, there has accrued to August 6th, 1954, a total of one hundred seventy-three (173) weeks, of which, one hundred twenty-four (124) weeks, have been paid, leaving due as of August 16, 1954, Four Hundred Ninety Four and 35/100 ($494-.35) Dollars, being the compensable rate of $10.089 per week multiplied by fifty (50) (fourty-nine-interpolated) weeks. The remaining one hundred twenty-six (126) (one hundred twenty-seven-interpolated) weeks, which will complete the three hundred (300) weeks from the date of the injury provided under the Act has not accrued, and will be payable only in case no wages are earned by the Defendant

(claimant) during said time, or if wages are earned, in the ratio such wages reduces defendant's (claimant's) earning capacity as fixed by his compensable wages. 'The disability is to be measured by the employee's capacity or incapacity to earn the wages which he was receiving at the time of his injury.' *Keeter v. Clifton Manufacturing Company, et al., supra.* (225 S. C. 389, 82 S. E. (2d) 520.)"

We think that the principle applied in the decision is correct because it follows the terms of the act as will be seen, but the court fell into error in failing to allow appellants credit for the overpayment of compensation as for total disability instead of partial, which was the award. This refers to the period of Feb. 5, 1953-Feb. 19, 1954. The court simply applied the percentage of partial disability to respondent's wages at the time of the accident and took 60% of it to arrive at the weekly compensation when respondent was not working.

The principal question involved in the appeal is the interpretation of the provision of the Workmen's Compensation Act for compensation for partial disability, which is Section 72-152 of the Code of 1952, as follows (before the aforementioned inapplicable amendment of 1953) :

"Except as otherwise provided in § 72-153, when the incapacity for work resulting from the injury is partial, the employer shall pay, or cause to be paid, as provided in this chapter, to the injured employee during such disability a weekly compensation equal to sixty per cent of the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter, but not more than twenty-five dollars a week. In no case shall the period covered by such compensation be greater than three hundred weeks from the date of injury. In case the partial disability begins after a period of total disability, the latter period shall be deducted from the maximum period allowed in this section for partial disability."

Section 72-153 provides certain awards for specific injuries to various members of the body, which is of no present application.

The employer and insurer contend that the percentage of partial disability which is awarded should be applied to 300, the number of weeks, less the number of weeks during which compensation for total disability has been paid. They state their position in their brief as follows: "The basic question seems to be whether the variable factor is the percentage of earning or the percentage of the total weeks involved. Both the respondent and the Judge have made their variable factor the wages rather than the weeks, which we submit is error."

We think that the position is untenable by reason of the plain wording ·of the statute which requires weekly payments (not exceeding 300) of a percentage of the difference between the average weekly wages before the injury and the average weekly wages which the employee is able to earn thereafter.

Appellants cite only *Spurgeon v. Iowa & Missouri Granite Works,* 1923, 196 Iowa 1268, 194 N. W. 286, 287, 289, in which the majority opinion sustains them but two of the justices dissented and were of the opinion that, quoting, "on no sound theory of the law or fact could the court or commissioner in the absence of consent of the parties increase the amount of the weekly installments above that sum or reduce the length of the statutory period." The reasoning and result of the minority of the Iowa court constitute, in our opinion, the correct construction of our statute.

"Under some statutes the allowances for permanent partial disability are based on a percentage of the weekly earnings based on the percentage of disability to total disability, and must be followed." 71 C. J. 827, Workmen's Compensation Acts, Sec. 543(2).

The Louisiana Court of Appeal has solved the problem as the minority of the Iowa Court would have, in *Morgan v.*

*Standard Accident Ins. Co.*, 1951, 51 So. (2d) 107, 111. The trial court had applied the percentage of partial disability to the total number of weeks allowable, as here contended by appellants, but on appeal this was reversed and the appellate court concluded as follows:

"The correct method by which to compute the compensation payable for a specific disability amounting to the partial loss of function of a member is to take the proportion of the partial loss from a sixty-five per cent of the weekly wage and allow such amount as compensation for the number of weeks permitted for the total loss of the respective member. *Thornton v. Haynesville Lumber Co.*, La. App., 155 So. 784; *Brown v. Vacuum Oil Co.*, 171 La. 707, 132 So. 117; *Smith v. Turner Lumber Co.*, La. App., 174 So. 699, 701; *Storm v. Johnson*, La. App., 23 So. (2d) 639; *Hughes v. Enloe*, La. App., 31 So. (2d) 878.

"Using the proper rule as stated above, the trial judge should have rendered his judgment for twenty-five (25%) per cent of sixty-five (65%) per cent of One Hundred Two ($102.00) Dollars, the undisputed weekly wage of plaintiff, which amount is $16.575, for a period of two hundred (200) weeks, less a credit of thirteen (13) weeks for the period when he collected wages."

It is noted that the court applied the percentages in different order from that followed by the trial court in the case at bar, but that is immaterial because the result is identical.

Appellants complain that the total amount of compensation for partial disability may in some cases approach the amount allowable for total disability. The answer is that the weekly maximum which is allowable for total disability and for partial disability is the same. Sections 72-151 and 72-152. However, the weekly payments for partial disability are limited to a total of 300 weeks under Sec. 72-152, whereas the total may be 500 weeks for total disability under the terms of Sec. 72-151.

As noted at the outset and now repeated for emphasis, there was no appeal from the award of the Commission and

the correctness of it is not in question in this proceeding which is concerned only with the construction and result of the award in the light of the applicable terms of the Compensation Act. That, therefore, is the extent of our holding.

The judgment is reversed and the case is remanded to the trial court for recalculation of the payments due under the award in accord with the views herein expressed, except with respect to medical expenses as to which there was no exception.

Reversed and remanded.

TAYLOR, OXNER and LEGGE, JJ., and J. WOODROW LEWIS, Acting Associate Justice, concur.