United States Court of Appeals,

Fifth Circuit.

No. 91–7355.

Gloria HARDEN, Plaintiff–Appellant,

v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant–Appellee.

Dec. 22, 1992.

Appeal from the United States District Court for the Northern District of Texas.

Before REYNALDO G. GARZA and GARWOOD, Circuit Judges, and WERLEIN,[*] District Judge.

REYNALDO G. GARZA, Circuit Jue:

Appellant appeals the method used by the Secretary of the Department of Health and Human Services in calculating her Social Security Administration's ("SSA") disability benefits. Upon review we conclude the calculation was reasonable and we therefore affirm.

FACTS

Gloria Harden injured her back on September 29, 1983 while working for Levi Strauss & Co. in San Antonio, Texas. She applied for Social Security benefits on April 30, 1984. The appellant also applied for and received state workers' compensation of $189 a week from October 3, 1983 through July 8, 1984 for a total of 40 weeks. Harden settled her workers' compensation claim for a lump sum of $20,000 on July 8, 1984. Appellant's request for disability benefits was originally denied but the district court reversed the SSA's rejection and ordered payment of benefits.

The Social Security Administration offset the amount of Harden's disability benefits by part of the workers' compensation lump sum settlement. 42 U.S.C. § 424a(a)(2) provides that the combined amount of workers' compensation and disability benefits cannot exceed 80% of the recipient's average earnings.[1]

---

[*]District Judge of the Southern District of Texas, sitting by designation.

[1]If a disability recipient is receiving state workers' compensation benefits, the Secretary must reduce the amount of disability benefits so as not to exceed 80% of pre-injury earnings. 42

The SSA took the amount received per week by Harden, $189, and divided it into the $20,000, giving her 105 weeks of reduction. They excluded Harden's legal fees from the reduction. The fees, $5006.84, were allocated over 105 weeks is $47.62, therefore $141.68, ($189 minus $47.62), was deducted from her benefits every week for a total of 105 weeks.

Harden appealed this calculation, arguing that the lump sum should have been prorated over the remaining 361 weeks allowed by Texas law for permanent disability benefits. The Administrative Law Judge ["ALJ"] affirmed the SSA's calculation. The Appeals Council declined to review Harden's case, thus making the ALJ's decision the Secretary's final determination. The district court granted the Secretary's motion for summary judgment.

## ANALYSIS

The legislative intent of disability reduction is to prevent the receipt of duplicative benefits resulting in greater than pre-injury earnings. *Richardson v. Belcher,* 404 U.S. 78, 82–83, 92 S.Ct. 254, 258, 30 L.Ed.2d 231 (1971). Congress instituted the offset because in a majority of states the combined benefits surpassed pre-injury earnings. "This was thought to cause two evils: first, it reduced a worker's incentive to return to the workplace and hence impeded rehabilitative efforts; and second, it created fears that the duplication of benefits would lead to an erosion of state workers' compensation programs." *Freeman v. Harris,* 625 F.2d 1303, 1306 (5th Cir.1980) (citing *Hearings on H.R. 6675 Before the Senate Comm. on Finance,* 89th Cong., 1st Sess. 151, 252, 259, 366, 540,

---

U.S.C. § 424a(a) states benefits must be reduced:

> by the amount by which the sum of—
>
> (3) such total of benefits under [the provisions for disability and old-age and survivor benefits] for such month, and
>
> (4) such periodic benefits payable (and actually paid) for such month to such individual under such [workers' compensation] laws or plans exceeds the higher of—
>
> (5) 80 percentum of his "average current earnings", or
>
> (6) the total of such individual's disability insurance benefits under [the provision for disability benefits] for such month and any monthly insurance benefits under [the provision for old-age and survivor benefits] for such month based on his wages and self-employment income, prior to reduction under this section. *Id.*

738–40, 892–97, 949, 990 (1965)). U.S.C. § 424a(b) states that if a benefit is paid in a lump sum and the Secretary deems that it is a commutation of, or a substitute for, periodic payments, then he shall prorate it to approximate the reduction prescribed by § 424a(a)(2). Statute § 424a(b) reads:

> If any periodic benefit for a total or partial disability under a law or plan described in subsection (a)(2) of this section is payable on other than a monthly basis (excluding a benefit payable as a lump sum except to the extent that it is a commutation of, or a substitute for, periodic payments), the reduction under this section shall be made at such time or times and in such amounts as the Secretary finds will approximate as nearly as practicable the reduction prescribed by subsection (a) of this section. *Id.*

The Secretary interpreted the lump sum payment made pursuant to a compromise and release settlement a "lump-sum as a commutation of or a substitute for periodic benefits...." 20 C.F.R. § 404.408(g) (1991). The Secretary's Program Operation Manual (POMS) establishes the Secretary's method for proration of lump-sum awards. POMS provides that:

> The priority for establishing weekly rates is as follows:

> 1. The rate specified in the lump sum award. If the award specifies a rate based on life expectancy list the case under code 557.

> 2. The periodic rate paid prior to the lump sum (if no rate is specified in the lump-sum award).

> 3. If WC [workers' compensation], the State's WC maximum in effect in the year of injury. This figure can be used if no rate is specified in the award if there was no preceding periodic benefit. It can also be used pending postadjudicative development of the rates specified in 1 or 2. above.

POMS, DI 11501.235C.

The Secretary correctly chose option 2 since the settlement failed to name a rate for option 1 to apply. The previous monthly rate of $189 selected by the Secretary was reasonable. The Secretary has clearly fulfilled Congress's intent in limiting combined benefits to 80% of pre-injury earnings. The statute is silent as to which rate the Secretary must employ when it has not been specified in the compromise. This gap is left to the discretion of the agency to fill via Congresses' express delegation of authority expressed in § 424a. The "court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." *Chevron U.S.A. v. Natural Res. Def. Council,* 467 U.S. 837, 844, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984). We may only review whether the Secretary applied proper legal standards and conducted the proceedings in accord with statutes and regulations. *Carter v. Heckler,* 712 F.2d

137, 140 (5th Cir.1983).  This court finds that the Secretary has done both.

CONCLUSION

For the reasons given above the summary judgment is AFFIRMED.