589 S.E.2d 766

**Virginia COX, Employee, Claimant, Respondent,**

v.

**BELLSOUTH TELECOMMUNICATIONS, Employer, and Self–Insurers, Appellants.**

No. 3683.

Court of Appeals of South Carolina.

Heard Sept. 9, 2003.
Decided Oct. 20, 2003.
Rehearing Denied Dec. 18, 2003.

Stephen L. Brown and F. Drake Rogers, both of Charleston, for Appellants.

Linda B. McKenzie, of Greenville, for Respondent.

HUFF, J.

The South Carolina Workers' Compensation Commission denied Virginia Cox's request for partial lump sum payment of her lifetime benefits awarded for a brain injury, holding such a lump sum payment is prohibited by statute. The circuit court reversed. Cox's employer, BellSouth Telecommunication's, appeals. We affirm the circuit court ruling that partial lump sum payments are permitted and remand for further proceedings.

## FACTS

Cox was attacked by an unknown assailant with an automobile while she was unlocking a gate at BellSouth's premises. As a result, she sustained severe injuries with resulting permanent physical disability, including brain damage. The single commissioner awarded her $450.62 compensation benefits per week for the remainder of her life pursuant to S.C.Code Ann. § 42–9–10 (Supp.2002). BellSouth did not appeal that order.

Thereafter, Cox applied for a partial lump sum payment of $120,000 from the back end of her lifetime benefits based on her life expectancy in order to purchase a home. After a hearing on the application, the single commissioner held Cox had proven entitlement to the lump sum payment.

BellSouth appealed this order to the appellate panel of the full commission, which reversed the portion of the order of the single commissioner pertaining to Cox's lump sum award. It found "While claimant had valid reasons for requesting partial lump sum payment of benefits, the Commission is constrained by S.C.Code Ann. § 42–9–10 and S.C.Code Ann. § 42–9–301 and cannot award a partial lump sum."

Cox appealed this ruling to the circuit court, which reversed the determination of the full commission. The court ruled the full commission does have the statutory authority to award a partial lump sum payment in brain damage cases. BellSouth appealed.

## STANDARD OF REVIEW

Our review of a decision of the workers' compensation commission is governed by the Administrative Procedures Act.

*Lark v. Bi–Lo, Inc.,* 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981). Although this court may not substitute its judgment for that of the full commission as to the weight of the evidence on questions of fact, we may reverse where the decision is affected by an error of law. S.C.Code Ann. § 1–23–380(A)(6) (Supp.2002).

## LAW/ANALYSIS

BellSouth argues the circuit court erred in reversing the order of the full commission. It asserts section 42–9–10 prohibits the payment of lump sum payments in physical brain injury cases. We disagree.

As the question of whether partial lump sum payments are permitted from lifetime benefits awards has not been directly addressed by our courts, the matter is one of first impression in our state.[1] As always, we look first to the language of the statutes. The cardinal rule of statutory interpretation is to ascertain the intent of the legislature. *Strother v. Lexington County Recreation Comm'n,* 332 S.C. 54, 62, 504 S.E.2d 117, 121 (1998). "All rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose of the statute." *Kiriakides v.*

---

1. The supreme court has addressed the issue of whether partial lump sum payment of attorneys' fees was allowed in lifetime benefits cases. *Glover v. Suitt Construction Co.,* 318 S.C. 465, 458 S.E.2d 535 (1995). The Court found such payments were authorized under S.C.Code Ann. 42–9–10 (Supp.2002) despite the language prohibiting "total lump sum payments," narrowly tailoring its rationale to a consideration of regulatory provisions and public policy arguments as they relate to payment of private counsel in workers' compensation cases. *Id.* The court acknowledged the uncertainty section 42–9–10 creates with respect to partial lump sum payments generally:

   Employer contends our interpretation of § 42–9–10 will permit the Commission to order partial lump sum benefits to a claimant awarded lifetime benefits, a result clearly not intended by the legislature. The sole issue presently before this Court is lump sum payment of attorney's fees and, accordingly, we decline to address Employer's contention. In any event, if, as Employer suggests, the statute and regulation may be so construed, the matter is one for the General Assembly.

   *Id.* at 470, 458 S.E.2d at 538, n. 4.

*United Artists Communications, Inc.*, 312 S.C. 271, 275, 440 S.E.2d 364, 366 (1994). The words of the statute must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation. *Hitachi Data Sys. Corp. v. Leatherman*, 309 S.C. 174, 178, 420 S.E.2d 843, 846 (1992). The language must also be read in a sense which harmonizes with its subject matter and accords with its general purpose. *Id.* (citations omitted). In addition, as workers' compensation statutes provide an exclusive compensatory system in derogation of common law rights, we must strictly construe such statutes, leaving it to the legislature to amend and define any ambiguities. *Wigfall v. Tideland Util., Inc.*, 354 S.C. 100, 110, 580 S.E.2d 100, 105 (2003).

Section 42–9–10 governs payment of compensation for total disability. It provides, in pertinent part: "Notwithstanding the provisions of § 42–9–301, no *total* lump sum payment may be ordered by the commission in any case under this section where the injured person is entitled to lifetime benefits." (emphasis added).

The plain meaning of the term "total" in section 42–9–10 indicates the General Assembly did not intend to prohibit *partial* lump sum payments of lifetime benefits. Had the General Assembly desired to eliminate all lump sum payments in lifetime benefits cases, it could have omitted the word "total" from the provision, or it could have specifically provided that "all" lump sum payments were prohibited.

We find this interpretation of the statute in harmony with the overall purpose of the workers' compensation system. In cases that do not involve lifetime benefits, the commission may order total or partial lump sum payment of benefits when it "deems it not to be contrary to the best interest of the employee or his dependents, or when it will prevent undue hardship on the employer or his insurance carrier, without prejudicing the interest of the employee or his dependents." S.C.Code Ann. § 42–9–301 (1985). Once the commission makes such an award, the burden of proof as to the commission's abuse of discretion in making such an award is upon the employer or carrier in any appeal proceeding. *Id.*

Permitting partial lump sum payments provides the commission needed flexibility in lifetime benefits cases, flexibility

it regularly exercises with respect to all other compensation awards, to ensure the best interests of the injured worker are protected. The risk that the beneficiary will squander the lump sum payment and be left as a ward of the state is reduced by allowing the commission discretion in deciding whether to award a lump sum payment with consideration of the factors set forth in section 42–9–301.

We are therefore convinced by the language of the statute and the legislative intent that can be discerned that the restriction against "total" lump sum payments set out in section 42–9–10 should be construed strictly and not expanded to prohibit all lump sum payments in lifetime benefits cases. In the present case, there has been no allegation that the partial lump sum award is tantamount to a total lump sum payment. We hold that the commission erred as a matter of law in ruling that it was not empowered to award a partial lump sum. As the commission has not addressed whether a lump sum award would be appropriate under the facts of this case, we remand the matter for further proceedings consistent with this opinion.[2]

**AFFIRMED and REMANDED.**

GOOLSBY and BEATTY, JJ. concur.

---

2. Cox conceded at oral argument that the commission should provide for a present day discount for any lump sum payment it awards.