688 S.E.2d 562

**Allie JAMES, Claimant, Appellant,**

v.

**ANNE'S INC., Employer, and Villanova Insurance Company, in liquidation through the South Carolina Property & Casualty Insurance Guaranty Association, Carrier, Respondents.**

No. 26762.

Supreme Court of South Carolina.

Heard Nov. 19, 2008.

Decided Jan. 25, 2010.

Jody Vann McKnight, of Reisen Law Firm, of Charleston, for Appellant.

Mark D. Cauthen, and T. Jeff Goodwyn, Jr., both of McKay, Cauthen, Settana & Stubley, Martin & Addison, of Columbia, for Respondents.

Chief Justice TOAL.

The South Carolina Workers' Compensation Commission (Commission) determined that Allie James (James) was totally and permanently disabled from a work accident. The circuit court affirmed the Commission's denial of James' request to put proration language in the order over the objection of Anne's, Inc. and Villanova Insurance Co. (Respondents). We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

James was injured when she fell down steps while working at Anne's Dress Shop. When she sought worker's compensation benefits, the Commission found she was totally and permanently disabled and entitled to 500 weeks of compensation, with a credit for the weeks of compensation already paid. The Commission also found a lump sum payment was in James' best interests.

James requested the Commission include in the order language prorating the award over her life expectancy, calculated using the table found in S.C.Code Ann. § 19–1–150 (1985 & Supp.2008). Respondents objected to the inclusion of this language, and the Commission found it lacked authority to include the language over Respondents' objection. The circuit court affirmed. James appeals, arguing the Commission has the authority to include proration language in a lump sum award without consent of Respondents and that it was error not to do so in this case.

## STANDARD OF REVIEW

An appellate court may reverse a Commission decision when that decision is affected by an error of law. *Grant v. Grant Textiles,* 372 S.C. 196, 200, 641 S.E.2d 869, 871 (2007). "Review is limited to deciding whether the commission's decision is unsupported by substantial evidence or is controlled by some error of law." *Id.* at 201, 641 S.E.2d at 871.

## LAW/ANALYSIS

James argues the Commission has the authority to order life expectancy proration language over the objection of the Respondents. We disagree.

█ The question before us is whether the workers' compensation statute allows the Commission to implement a specific procedural mechanism for releasing James's funds. We agree with the circuit court that on such procedural questions, courts must strictly construe the statute and leave the definition of any ambiguous terms to the legislature. *Callahan v. Beaufort County Sch. Dist.*, 375 S.C. 92, 96, 651 S.E.2d 311, 313 (2007).

█ James claims S.C.Code Ann. § 42–3–180 clearly gives the Commission the ability to enter proration language without consent of both parties. Section 42–3–180 states that "[a]ll questions arising under this Title, if not settled by agreement of the parties interested therein with the approval of the Commission, shall be determined by the Commission, except as otherwise provided in this Title." Contrary to James' position, this statute does not address the Commission's authority to place proration language in an order. While it commands the Commission to answer questions arising under the statute, it does not allow the Commission to extend its powers beyond the scope of expressly authorized actions. Nothing in the statute authorizes the Commission to use life expectancy proration language without consent of both parties. Without an express grant from the legislature, the Commission is without that power.

James contends that the proration language is necessary to maximize both her workers' compensation and Social Security benefits. Federal law requires a reduction in Social Security payments when the combination of monthly Social Security payments and monthly workers' compensation benefits exceeds eighty percent (80%) of the claimant's pre-disability income. 42 U.S.C.A. § 424a (2003). However, the Social Security offset provision does not apply if a state enacted its own "reverse offset" provision limiting workers compensation benefits prior to February 18, 1981. South Carolina did not legislatively adopt a reverse offset provision in that time.

█ As James concedes, the proration of this lump sum award is intended to have the same effect as a reverse offset provision—to maximize her award. Although we recognize that the Social Security Administration modifies its payments to account for lump sum awards that are prorated over a

claimant's life expectancy, we remain convinced that the Commission must derive its authority to do so from the legislature.

## CONCLUSION

We hold that the circuit court and the Commission were correct in concluding that the Commission did not have the authority to prorate James's lump sum award over her life expectancy without the consent of both parties. The authority of the Commission is statutorily derived, therefore, the Commission cannot exceed the scope of the legislature's grant of authority. There is no specific grant of authority to the Commission to order life expectancy proration language absent consent of both parties. We affirm the circuit court's ruling.

KITTREDGE, J., and Acting Justice JAMES E. MOORE, concur.

BEATTY, J., dissenting in a separate opinion in which WALLER, J., concurs.

Justice BEATTY, dissenting.

I respectfully dissent. This case is before us only because the insurance company wants to bully the injured worker into accepting less benefits than the worker is entitled to under the law. Life expectancy proration does not cost the insurance company anything; zero. Yet the insurance company objects unless the injured worker agrees to accept less than she is entitled to in workers' compensation. I cannot countenance such abhorrent behavior and I fail to see the judicial attraction to assisting insurance companies in their efforts to mistreat injured workers.

The Commission issued a two-to-one decision in this case, with the dissenting panel member finding the Commission does have the authority to include age proration language in an order awarding workers' compensation benefits. Moreover, despite the result reached here, the Commission itself has also since expressly concluded in other cases that it has the authority to prorate lump sum awards over a claimant's life expectancy in order to serve the purposes of the Workers' Compensation Act. See *Pressley v. REA Constr. Co.*, 374 S.C.

283, 288, 648 S.E.2d 301, 303 (Ct.App.2007) (stating "ordinarily, the construction of a statute by an agency charged with its administration will be accorded the most respectful deference and will not be overruled absent compelling reasons"). For the reasons discussed below, I believe the Commission does have this authority, and I would reverse and remand the matter before us.

## I. LAW/ANALYSIS

### (A) Social Security Offset

Allie James was deemed totally and permanently disabled as a result of a fall and was awarded workers' compensation benefits. Although the benefits were for a permanent disability, they were issued by means of a lump-sum award. James requested that the Commission include language in the award indicating the prorated amount of this award over her lifetime using the life expectancy table found in section 19–1–150 of the South Carolina Code. Such proration would not affect the actual distribution of the award. As noted by the circuit court, James's "concern is that her Social Security Disability benefits will be offset by the workers' compensation benefits she receives." Respondents (the employer and its carrier) have objected to inclusion of language prorating the lump-sum award over James's life expectancy.

Under federal law, when a person is deemed disabled and is entitled to monthly disability payments under the Social Security Act, the disability payments must be reduced when the combined amount of the person's monthly Social Security disability payments and any monthly workers' compensation benefits exceeds eighty percent of the person's pre-disability earnings. *See* 42 U.S.C.A. § 424a(a) (2003) (providing for the reduction of disability benefits). When the workers' compensation benefits are "payable on other than a monthly basis (excluding a benefit payable as a lump sum *except to the extent that it is a commutation of, or a substitute for, periodic payments* ), the reduction under this section shall be made . . . in such amounts as the Commissioner of Social Security finds will *approximate as nearly as practicable* the reduction prescribed by subsection (a) of this section." *Id.* § 424a(b) (emphasis added). Thus, lump sum awards generally necessi-

tate a reduction in Social Security disability benefits in instances where they result from a commutation of periodic payments.

The Social Security Administration does not apply a reduction or an offset, however, in cases where a state has enacted a reduction of their workers' compensation benefits in these circumstances by February 18, 1981; this reduction (by the individual states) is known as a "reverse-offset" provision. Tommy W. Rogers & Willie L. Rose, *Workers' Compensation and Public Disability Benefits Offset from Social Security Disability Benefits*, 29 S.U. L. Rev. 57, 60 (2001). South Carolina did not legislatively enact a reverse-offset provision.

In order to minimize the reduction of her Social Security benefits, James seeks to prorate her lump sum, workers' compensation award for a permanent disability over her lifetime using the life expectancy table set forth in section 19–1–150. James asserts the Social Security Administration expressly accepts the monthly amount derived from using a life expectancy table as one of the bases for calculating the offset to be made to Social Security benefits.

The Social Security Administration will use the prorated time frame stated in an order awarding a lump sum benefit if a time frame is provided; otherwise, it will use an alternative basis for this computation:

> According to SSA policy, a lump sum award of workers' compensation benefits ... will be prorated at an established weekly rate. The priority for establishing a weekly rate of payment is as follows:
>
> (1) *the rate specified in the lump sum award, including a rate based on life expectancy;*
>
> (2) the periodic rate paid prior to the lump sum award if no rate was specified in the lump sum award; or
>
> (3) the state workers' compensation maximum rate in effect on the date of injury, which is the periodic rate that, in almost every case, would have been payable had periodic payments been made instead of a lump sum, if a workers' compensation claim is involved and if no rate was specified in the lump sum award and no prior periodic payments had been made.

2A Soc. Sec. Law & Prac. § 26:72 (2006) (emphasis added) (footnotes omitted); *see also Harden v. United States Dep't of Health & Human Servs.*, 979 F.2d 1082, 1084 (5th Cir.1992) (noting the Social Security Program Operations Manual specifically sets forth this method for prorating lump sum awards).

## (B) Authority of the Commission

In the current appeal, the circuit court concluded that it was "constrained to agree with the decision of the Commission that no authority exists in our Workers' Compensation laws for allocation of a lump sum award over the claimant's life expectancy in the absence of consent of the parties."

### (1) *Utica–Mohawk Mills v. Orr*

James initially cited *Utica–Mohawk Mills v. Orr*, 227 S.C. 226, 87 S.E.2d 589 (1955), in addition to the general authority of the Commission under statutory law, for support of the Commission's use of proration language. Although *Utica–Mohawk Mills* is often cited in the Commission's orders along with statutory law when prorating lump sum awards, the circuit court concluded *Utica–Mohawk Mills* is not applicable here because that case involves "construing a permanent partial disability award of the Commission." The circuit court stated this case essentially stands for the proposition that, "in the absence of the consent of the parties" the Commission and the Courts are without authority to "increase the amount of the weekly installments above the sum [allowed by law] or [to] reduce the length of the statutory period."

*Utica–Mohawk Mills* interpreted a statute concerning partial disability and held that the weekly compensation (not to exceed 300 weeks) for a claimant who sustained a thirty percent permanent disability should be calculated by taking a percentage of the difference between the average weekly wages he was earning before the injury and the average weekly wages that the employee was able to earn after the injury. *Id.* at 230, 87 S.E.2d at 591.

As the parties concede on appeal, although the Commission, the Social Security Administration, and the courts have referred to the *Utica–Mohawk Mills* case in this context, it does not actually address the lifetime proration issue presently before us. Further, reliance on this case is misplaced because

*Utica–Mohawk Mills* was issued in 1955, and the first offset provision in the Social Security Act was not added until 1956, which "conclusively shows that *Utica–Mohawk*'s authority for a reduction in workers' compensation benefits before social security disability insurance benefits are reduced is unfounded." Grady L. Beard et al., *The Law of Workers' Compensation Insurance in South Carolina*, 568 (5th ed. 2008). "Nonetheless, due to its history of accepting the priority of workers' compensation reductions under South Carolina law, the Social Security Administration accepts this case as authority that workers' compensation benefits can be reduced to maximize a claimant's entitlement to Social Security disability insurance benefits." *Id.*

For the reasons noted above, I agree with the circuit court that the *Utica–Mohawk Mills* case has no application here. However, it is important to next consider the Commission's authority under statutory law.

### (2) Statutory Authority

Section 42–3–180 of the South Carolina Code confers a general grant of authority to the Commission to decide all questions arising under the Workers' Compensation Act: *"All questions* arising under this Title, if not settled by agreement of the parties interested therein with the approval of the Commission, *shall be determined by the Commission,* except as otherwise provided in this Title." S.C.Code Ann. § 42–3–180 (1985) (emphasis added).

The circuit court found section 42–3–180 did not specifically address the Commission's authority to allocate lump sum awards over the employee's; life expectancy. The circuit court further found that, because "workers' compensation statutes provide an exclusive compensatory system in derogation of common law rights, we must strictly construe such statutes, leaving it to the legislature to amend and define any ambiguities," citing the reasoning of *Cox v. BellSouth Telecommunications,* 356 S.C. 468, 472, 589 S.E.2d 766, 768 (Ct. App.2003).

In *Cox,* the Court of Appeals held that the workers' compensation statute *prohibiting total* lump sum awards in lifetime benefits cases should be strictly construed and not ex-

panded to prohibit *partial* lump sum awards in lifetime benefits cases. The court stated, as a matter of first impression, that the Commission erred as a matter of law in ruling that it was not empowered to award a partial lump sum. *Id.* at 473, 589 S.E.2d at 769. The court explained that "[p]ermitting partial lump sum payments provides the [C]ommission needed flexibility in lifetime benefits cases, *flexibility it regularly exercises with respect to all other compensation awards,* to ensure the best interests of the injured worker are protected." *Id.* at 472–73, 589 S.E.2d at 768–69 (emphasis added).

*Cox* involved the strict construction of a statute *prohibiting* certain awards. In contrast, there is nothing in the Act that prohibits, either expressly or impliedly, the proration language at issue here. *Cf. Geathers v. 3V, Inc.,* 371 S.C. 570, 641 S.E.2d 29 (2007) (finding where South Carolina had not adopted the last injurious exposure rule, but there was both statutory and case law that favored adoption of this rule rather than an apportionment rule, South Carolina would adopt the last injurious exposure rule; thus, the Commission erred in using the apportionment rule to apportion liability between two carriers when an employee is injured after working for successive employers).

*Cox* confirms that the Commission regularly exercises its flexibility in making compensation awards to ensure the best interests of the workers are protected to the extent the award is not otherwise prohibited by the Workers' Compensation Act. This is consistent with the general rule that workers' compensation law is to be liberally construed in favor of coverage in order to serve the beneficent purpose of the Act; only exceptions and restrictions on coverage are to be strictly construed. *See Peay v. U.S. Silica Co.,* 313 S.C. 91, 94, 437 S.E.2d 64, 65 (1993) ("[W]orkers' compensation statutes are construed liberally in favor of coverage. It follows that any exception to workers' compensation coverage must be narrowly construed." (internal citation omitted)); *Cross v. Concrete Materials,* 236 S.C. 440, 114 S.E.2d 828 (1960) (stating workers' compensation law will be construed liberally to effect its beneficent purpose); *Olmstead v. Shakespeare,* 348 S.C. 436, 559 S.E.2d 370 (Ct.App.2002) (noting the law is liberally construed to apply coverage, while exceptions are strictly

construed). Therefore, *Cox* does not require the strict construction of the Act's provisions in this case.

Respondents argue the proration provision is typically part of a negotiated settlement, whereby the employee agrees to give up certain benefits in exchange for inclusion of this proration language. However, I find Respondents' desire to use proration language as a "bargaining chip," as it were, is not appropriate. This is particularly true since the South Carolina legislature did not choose to enact a reverse offset provision.

Respondents further argue that, because the maximum period for benefits is generally 500 weeks, that is the maximum period that can be used for proration. *See* S.C.Code Ann. § 42–9–10(A) (Supp.2008) ("In no case may the period covered by the compensation exceed five hundred weeks except as provided in subsection (C)."); *id.* § 42–9–10(C) (stating "any person determined to be totally and permanently disabled who as a result of a compensable injury is a paraplegic, a quadriplegic, or who has suffered physical brain damage is not subject to the five-hundred-week limitation and shall receive the benefits for life").

The 500 weeks limitation, however, represents the limit of the *monetary* amount of compensation that may be recovered. It has no relation to the duration or the extent of the injury. A permanent impairment, by definition, lasts for a lifetime. Thus, the proration of compensation over the claimant's lifetime is a reasonable method of accounting for this compensation. Proration of the lump sum award does not affect the *amount* of the award in any manner. Rather, it affects only the allocation of the award; it is purely an accounting mechanism specifically approved of by the Social Security Administration in determining the amount of a Social Security offset. The amount of the award is still limited to the value of 500 weeks of compensation and it has absolutely no effect on the liability of Respondents.

I can discern no reason why Respondents would object to this proration, except as a means of giving them the power to either positively or negatively impact a claimant's receipt of Social Security disability benefits based on whether they confer or withhold their consent to proration language. Al-

lowing such a result is not in accordance with the purpose of our Workers' Compensation Act. *See Case v. Hermitage Cotton Mills*, 236 S.C. 515, 115 S.E.2d 57 (1960) (observing the courts of this country have universally viewed workers' compensation law as being enacted for the benefit of employees and that the law is to be liberally construed for the employees' protection; further, one of the primary purposes of the Act is to help prevent employees from becoming charges upon society for support).

Simply prorating benefits for the maximum period of weekly benefits available under state law is not a rational solution to the problem of how to account for workers' compensation benefits. This method assumes the award is intended as compensation only for that limited period of time, when in reality the award is intended as compensation for a lasting disability. Such disability does not end after 500 weeks, and it thwarts the authority of the Commission to prohibit it from apportioning the award in the manner it deems appropriate. *See* 70B Am. Jur. 2d *Social Security and Medicare* § 1501 (2000) (observing proration for the maximum period of benefits under state law is inconsistent with the purpose of the Social Security Act as it improperly assumes the state lump sum workers' compensation award represents the maximum benefit over the shortest period of time, thus guaranteeing application of the Social Security offset); *see also* 1 Harvey L. McCormick, *Social Security Claims and Procedures* § 8:32 (5th ed. 1998) (noting at least one federal Circuit Court of Appeals has held that the Social Security Administration was required to prorate a lump-sum award or settlement over the remainder of an individual's working life (citing *Hodge v. Shalala*, 27 F.3d 430 (9th Cir.1994))).

The purpose of allocating a lump sum disability award over the claimant's lifetime is to make sure a claimant is not being economically penalized by the Social Security Administration's calculation of an offset. The Social Security Administration expressly recognizes and accepts such allocations as a matter of routine practice. *See* 2A Soc. Sec. Law & Prac. § 26:72 (2006) (noting a state's proration based on life expectancy in the workers' compensation order is the Social Security Administration's first choice to use when calculating any offset). Section 42–3–180 of the South Carolina Code confers a general

grant of authority for the Commission to address all issues arising under the Workers' Compensation Act that are not otherwise provided for under South Carolina law. S.C.Code Ann. § 42–3–180 (1985). Further, section 42–9–301 gives the Commission the authority to establish and award lump sum payments. *Id.* § 42–9–301.

The Commission has the authority to interpret its provisions and to issue regulations governing the administration of awards. *See* S.C.Code Ann. § 42–3–30 (1985) ("The Commission shall promulgate all regulations relating to the administration of the workers' compensation laws of this State necessary to implement the provisions of this title and consistent therewith."); *see also* 100 C.J.S. *Workers' Compensation* § 718 (2000) ("Workers' compensation boards or commissions are generally empowered to make and enforce rules and regulations to enable the board or commission to carry out . . . its duties, and such rules and regulations have the force and effect of law if reasonable and not inconsistent with pertinent statutory provisions.").

I would hold that the Commission has the authority to prorate a lump sum award over a claimant's expected lifetime pursuant to its general authority under section 42–3–180 to address all issues arising under the Act and its statutory authority to fix lump sum awards.

"A state workers' compensation commission or board is, in the first instance, responsible for effectuating the purposes of the workers' compensation act by administering, enforcing, and construing its provisions in order to secure its humane objectives." 100 C.J.S. *Workers' Compensation* § 706 (2000). "Such commission, board, or bureau is vested with the authority to formulate policies and standards for administering the workers' compensation act." *Id.*

The Commission's proration of lump sum awards over an employee's life expectancy is clearly within the purview of the Commission's authority and serves to further the Act's humane objectives. This is particularly true in light of the fact that the Social Security Administration itself specifically provides for and accepts such proration language from state workers' compensation commissions all over the country when calculating the applicable offset. To deny proration in these

circumstances to the employees of our state would be inconsistent with the recognized purpose of our Workers' Compensation Act. Accordingly, I would reverse and remand.[1]

WALLER, J., concurs.

---

1. Moreover, if, as found by the majority, the Commission does not have the authority to prorate awards in the absence of a specific grant of authority from our legislature, then I would argue that the Commission also does not have the authority to prorate awards in cases where the employers have simply given *their* "consent." Under the majority's analysis, the employers and carriers would have sole authority to determine which awards shall be prorated, depending on whether they have given their "consent." It is clear that our legislature has vested the Commission, not the employers, with the authority to determine all questions arising under the Workers' Compensation Act.