# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Frankie Padgett, Claimant, Respondent,

v.

Cast and Crew Entertainment Services, Inc., Employer, and American Zurich Insurance Company, Carrier, Appellants.

Appellate Case No. 2019-001254

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 5948
Heard June 7, 2022 – Filed October 26, 2022

## AFFIRMED

Vernon F. Dunbar, of McAngus Goudelock & Courie, LLC, of Greenville, for Appellants.

Stephen Benjamin Samuels, of Samuels Reynolds Law Firm, LLC, of Columbia, for Respondent.

**MCDONALD, J.:** Cast and Crew Entertainment Services (Cast and Crew) and American Zurich Insurance Company (Carrier), appeal an order of the South Carolina Workers' Compensation Commission, arguing the Appellate Panel erred in reinstating Frankie Padgett's (Claimant) temporary total disability (TTD) compensation benefits for a 2015 injury. Appellants assert (1) Claimant's agreement settling a prior workers' compensation claim (the Settlement Agreement) prohibited his future employment with Cast and Crew; and (2)

Claimant was paid more than 500 weeks of benefits for the prior injury and in TTD payments for the present injury. We affirm.

**Facts and Procedural History**

On January 26, 2009, Claimant began working for Cast and Crew as a truck driver. On August 27, 2009, Claimant sustained compensable injuries to his left foot, leg, back, hips, and right leg. Claimant underwent six surgeries to repair his left ankle.

In 2012, Claimant and Appellants settled the claim. Appellants agreed to pay Claimant $150,000—$50,000 in attorney fees, $1,466.91 for litigation costs, and $98,533.09 as "compromise settlement for disputed permanent disability" at the rate of $57.81 per week for 1,704.56 weeks. The Settlement Agreement ended all future compensation, including Claimant's right to seek a change of condition and his right to seek additional medical care, and extinguished all claims arising from the 2009 injury. The Settlement Agreement further provided, "The parties agree that the Claimant is no longer an employee of Cast & Crew Entertainment Services, Inc. and further agrees [sic] that he will not seek future employment with Cast & Crew Entertainment Services, Inc."

On March 30, 2015, Claimant began working through Cast and Crew as a driver for Danger Boy Productions. Claimant was hired through his membership in the Teamsters Union, which assigns drivers to various film productions.

On May 6, 2015, Claimant suffered a right Achilles tendon tear and ankle fracture at work. He required an initial reconstructive surgery and a second reconstructive surgery and debridement when the tendon re-ruptured. TTD benefits followed.

In 2017, Appellants filed a petition to terminate TTD and medical benefits for the 2015 workplace injury. The single commissioner found Claimant was an employee of Cast and Crew when he was injured, suffered a compensable injury to his right lower extremity within the course and scope of his employment, and was not at maximum medical improvement (MMI). The single commissioner further found Claimant received 1,704.56 weeks of benefits under the Settlement Agreement and thus had exceeded 500 weeks of compensation. The single commissioner held that even if Claimant's prior award did not exceed or reach 500 weeks, his TTD benefits (paid from May 7, 2015 to May 31, 2018) exceeded the 500-week cap. Thus, Appellants could terminate Claimant's TTD payments and Claimant was not entitled to continued TTD, temporary partial disability, permanent partial disability, permanent and total disability, or wage loss benefits.

The Appellate Panel vacated the single commissioner's finding that Claimant had exceeded 500 weeks of benefits. The Appellant Panel reinstated Claimant's TTD benefits, finding the determination of permanent benefits under section 42-9-170 of the South Carolina Code (2015) was premature because Claimant had not reached MMI.

**Standard of Review**

The Administrative Procedures Act (APA) establishes the standard for our review of Commission decisions. *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981). "An appellate court has the power upon review to reverse or modify a decision of an administrative agency if the findings and conclusions of the agency are (1) affected by an error of law, (2) clearly erroneous in view of the reliable and substantial evidence on the whole record, or (3) arbitrary or capricious or characterized by abuse of discretion or a clearly unwarranted exercise of discretion." *James v. Anne's Inc.*, 390 S.C. 188, 192, 701 S.E.2d 730, 732 (2010); S.C. Code Ann. § 1-23-380(5)(d)–(e) (Supp. 2022).

**Law and Analysis**

**I. Employer-Employee Relationship**

Appellants argue the Appellate Panel lacked subject matter jurisdiction to reinstate TTD benefits because there was no proper employer-employee relationship between Cast and Crew and Claimant. Under Appellants' theory, Claimant was not lawfully employed by Cast and Crew because the Settlement Agreement prohibited such future employment. Appellants claim "Padgett's use of a variation of his legal name on the withholding and employment eligibility forms clearly shows an intent to avoid discovery of his true identity." We disagree.

"Coverage under the Workers' Compensation Act depends on the existence of an employment relationship." *Edens v. Bellini*, 359 S.C. 433, 439, 597 S.E.2d 863, 866 (Ct. App. 2004). The Workers' Compensation Act defines "employee" as "every person engaged in an employment under any appointment, contract of hire, or apprenticeship, expressed or implied, oral or written, including aliens and also including minors, whether lawfully or unlawfully employed . . . ." S.C. Code Ann. § 42-1-130 (2015). "Because the existence of an employer-employee relationship is a jurisdictional question, 'the [c]ourt may take its own view of the preponderance of the evidence.'" *Sellers v. Tech Serv., Inc.*, 421 S.C. 30, 36, 803 S.E.2d 731, 734

(Ct. App. 2017) (quoting *Shatto v. McLeod Reg'l Med. Ctr.*, 406 S.C. 470, 475, 753 S.E.2d 416, 419 (2013)).

Here, the Settlement Agreement's provision prohibiting future employment does not in and of itself void the employment relationship for purposes of the Workers' Compensation Act. *See* § 42-1-130 (defining employee to include "every person engaged in an employment . . . whether lawfully or unlawfully employed"). Notably, there is no evidence in the record to support the theory that Claimant misrepresented his identity in gaining employment with Cast and Crew. Nor is there evidence of a causal connection between any alleged deception and Claimant's workplace injury. *Cf. Cooper v. McDevitt & St. Co.*, 260 S.C. 463, 468, 196 S.E.2d 833, 835 (1973) ("The general rule is that the following factors must be present before a false statement in an employment application will bar benefits: (1) The employee must have knowingly and wilfully made a false representation as to his physical condition. (2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring. (3) There must have been a causal connection between the false representation and the injury.").

Claimant's full name is Perry Frank Padgett, Jr. At the hearing before the single commissioner, Claimant testified he has always used the nickname Frankie Padgett, but he provides Perry Padgett as his name when documents require his full legal name. When Claimant completed his employment forms in 2015, he listed his name as Frankie Padgett. However, he also completed a Form I-9 Employment Eligibility Verification and provided copies of his social security card and South Carolina Driver's License. These government-issued identification cards would have contained Claimant's legal name. Therefore, when Cast and Crew submitted Claimant's I-9 to the Department of Homeland Security and when it entered his information into its payroll system, Cast and Crew had notice that Frankie Padgett and Perry Padgett were the same person. Thus, the substantial evidence in the record supports the Appellate Panel's finding that an employer-employee relationship existed between Claimant and Cast and Crew, despite the Settlement Agreement's prohibition on future employment.

## II. Application of Section 42-9-170

Appellants argue the Appellate Panel lacked jurisdiction to reinstate TTD payments because Claimant had already been paid more than 500 weeks of benefits on the 2009 injury. Appellants further argue the Appellate Panel erred in

finding permanent partial, permanent total, and/or wage loss benefits could be determined at a later date once Claimant achieved MMI.  We disagree.

This appeal comes to us through a petition to terminate TTD benefit payments. The Appellate Panel properly found the application of § 42-9-170 premature because by its own terms, § 42-9-170 applies to *permanent* injuries under § 42-9-30 or § 42-9-10(B) after a Claimant has sustained "another permanent injury" in the same employment.[1]  There has been no finding in this case as to whether Claimant sustained a permanent injury, either in 2009 or 2015.  The Settlement Agreement specifically provides the settlement was for a "*disputed* permanent injury" and noted none of Claimant's physicians assigned him a disability rating. (emphasis added).  No evidence was provided for the Appellate Panel to determine whether Claimant suffered a permanent injury in 2009.  Likewise, there has been no finding as to the permanency of Claimant's 2015 injury.  As we noted in *Lemon v. Mt. Pleasant Waterworks*, § 42-9-170 does not address temporary total disability payments—the only payments Claimant has received.  *See* 429 S.C. 59, 67 n.8, 837 S.E.2d 738, 743 n.8 (Ct. App. 2019) (recognizing § 42-9-170 speaks to permanent injury and does not address TTD).  Accordingly, we find no error of law here, and substantial evidence supports the Appellate Panel's reinstatement of Claimant's TTD payments.

**AFFIRMED.**

**THOMAS and HEWITT, JJ., concur.**

---

[1] Section 42-9-170(A) provides, in pertinent part:

> If an employee receives a permanent injury as specified in Section 42-9-30 or Section 42-9-10(B) after having sustained another permanent injury in the same employment, he is entitled to compensation for both injuries, but the total compensation must be paid by extending the period and not by increasing the amount of weekly compensation, and in no case exceeding five hundred weeks.

S.C. Code Ann. § 42-9-170(A) (2015).